# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-471V
Filed: November 25, 2015

* * * * * * * * * * * * * * * * * * * * * * * * * *
CARIE BROWN, parent of K.B., a minor, *
*
Petitioner, *
*
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * * * *

**PUBLISHED**

Special Master Hamilton-Fieldman

Attorneys' Fees and Costs; Contested; *McCulloch* Hourly Rates; Hours Expended.

Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
Debra Begley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On June 4, 2014, Carie Brown ("Petitioner") filed a petition on behalf of her minor son, K.B., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that the administration of an influenza ("flu") vaccine on October 14, 2011, and a Hepatitis A ("hep A") vaccine on November 18, 2011, caused K.B. to suffer from Guillain-Barré syndrome ("GBS"). On March 19, 2015, the undersigned issued a decision awarding compensation to Petitioner. Judgment entered on the decision on March 27, 2015.

On August 7, 2015, Petitioner's counsel filed a motion seeking reimbursement for $15,206.37 in attorneys' fees and $2,585.34 in attorneys' costs. Petitioner's counsel verified that Petitioner had not personally incurred any costs in pursuit of her claim. *See* General Order #9

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Statement, filed August 7, 2015.

On August 11, 2015, Respondent filed a motion to stay the proceedings pending the undersigned's issuance of a decision in *Houck v. Sec'y of Health & Human Servs.*, No. 11-509V, which, Respondent argued, involved contested issues identical to those in the instant case. Petitioner objected to any suspension of the proceedings. *See* Petitioner's Objections to Respondent's Motion to Suspend Proceedings, filed August 17, 2015.

On October 16, 2015, Petitioner's counsel filed an amended motion for fees and costs. Although Petitioner's counsel amended his application to reflect the rates approved in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for reconsid. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21 2015), the substance of the application otherwise remained unchanged. Petitioner's counsel applied for attorneys' fees amounting to $15,267.37 and attorneys' costs amounting to $2,585.34. The total amount requested was $17,852.71.

On October 20, 2015, the undersigned convened a status conference to discuss counsel's pending fees and costs application. During the status conference, the undersigned informed the parties that she intended to compensate Mr. Homer and his firm's staff at the rates that were awarded in *McCulloch*, and that counsel's amended application would be granted in full. *See* Order, filed October 21, 2015, at 1-2. The undersigned directed Petitioner's counsel to draft a decision that incorporated the *McCulloch* rates and awarded compensation for the full amount of requested fees and costs. Petitioner's counsel filed his draft on October 27, 2015. On November 5, 2015, Respondent's counsel communicated informally to the undersigned's staff that Respondent does not intend to file a response to Petitioner's draft. This matter is now ripe for a decision.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). The undersigned acknowledges Respondent's continued objections to the *McCulloch* rates but remains in agreement with *McCulloch*'s outcome. Based on the reasonableness of Petitioner's request, the undersigned GRANTS Petitioner's amended request for payment of attorneys' fees and costs in full. Respondent's pending motion to stay is DENIED as moot.

In addition, the undersigned awards compensation for 1.5 hours of attorney time, expended by Christina Ciampolillo at an hourly rate of $300.00, for her preparation for the substantive status conference held on October 20, 2015, and for the submission of a draft decision on attorneys' fees and costs. This amounts to an additional $450.00.

Accordingly, the undersigned awards:

> **A lump sum of $18,302.71, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner, Carie Brown, and Petitioner's counsel, Mr. Ronald Homer, of the law firm of Conway,**

**Homer & Chin-Caplan, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).